IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>CARL LEE, MICHAEL LEE, GREGORY LEE, JAMES LEE JR., ANTHONY LEE SR., and JUDY LEE-LATTIMORE,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT IN INTERPLEADER

Comes now Plaintiff, Metropolitan Life Insurance Company ("Plaintiff" or "MetLife"), by counsel, and for its Complaint in Interpleader states as follows:

## PARTIES

1. MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is duly licensed to do business in the State of Ohio.

2. Upon information and belief, Defendant Carl Lee ("Carl") is the son of James Lee (the "Decedent"), and he resides in Cincinnati, Ohio, located in Hamilton County, Ohio.

3. Upon information and belief, Defendant Michael Lee ("Michael") is the son of the Decedent, and he resides in Cincinnati, Ohio, located in Hamilton County, Ohio.

4. Upon information and belief, Defendant Gregory Lee ("Gregory") is the son of the Decedent, and he resides in West Chester, Ohio, located in Butler County, Ohio.

5. Upon information and belief, Defendant James Lee Jr. ("James Jr.") is the son of the Decedent, and he resides in West Chester, Ohio, located in Butler County, Ohio.

6. Upon information and belief, Defendant Anthony Lee Sr. ("Anthony") is the son of the Decedent, and he resides in Cincinnati, Ohio, located in Hamilton County, Ohio.

7. Upon information and belief, Defendant Judy Lee-Lattimore ("Judy") is the daughter of the Decedent, and she resides in Cincinnati, Ohio, located in Hamilton County, Ohio.

**JURISDICTION AND VENUE**

8. This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, because this action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, a law of the United States. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

9. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. §1397, and 28 U.S.C. §1391(b), because one or more defendants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

**CAUSE OF ACTION IN INTERPLEADER**

10. The Decedent was an employee of General Electric Company ("GE") and a participant in an ERISA-governed employee welfare benefit plan (the "Plan") sponsored by GE that provided life insurance benefits for participants, with claims administered by MetLife. A true and correct copy of the portion of the Plan document that provides the life insurance benefit is attached hereto as Exhibit A (pages 1-9).

11. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. §1104(a)(1)(D).

12. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

2

13. The Plan establishes the right of a Plan participant to name his or her beneficiary. See Exhibit A.

14. The most recent beneficiary designation form on file is dated August 12, 2020, and names Carl as primary beneficiary to receive 100% of the Plan benefits (hereafter the "8/12/20 Beneficiary Designation"). A true and correct copy of the 8/12/20 Beneficiary Designation is attached hereto as Exhibit B.

15. The prior beneficiary designation form on file is dated August 15, 1988, and names the Decedent's spouse as the primary beneficiary and each of the Decedent's six children (Carl, Michael, Gregory, James Jr., Anthony, and Judy) as contingent beneficiaries to receive equal shares of the Plan benefits if the primary beneficiary predeceases the Decedent (hereafter the "8/15/88 Beneficiary Designation"). A true and correct copy of the 8/15/88 Beneficiary Designation is attached hereto as Exhibit C.

16. Based on information and belief, the Decedent's spouse predeceased the Decedent in 2015.

17. The Decedent died on December 26, 2020. A true and correct copy of the death certificate for Decedent is attached hereto as Exhibit D.

18. At the time of his death, the Decedent was enrolled under the Plan for Basic Life insurance coverage in the amount of Nineteen Thousand Eight Hundred Forty-five and 00/100 Dollars ($19,845.00) (the "Plan Benefits"). The Plan Benefits became payable upon the Decedent's death, pursuant to the terms of the Plan.

19. Judy and Anthony challenged the validity of the 8/12/20 Beneficiary Designation, because the Decedent had Parkinson's and purportedly used a hand stamp for his signature but

only with a second agent and a witness signature, and there was no second agent or witness for the 8/12/20 Beneficiary Designation.

20. Based on the contentions raised by Judy and Anthony regarding the validity of the signature on the 8/12/20 Beneficiary Designation, it is not clear whether a Court would uphold the validity of 8/12/20 Beneficiary Designation.

21. Regardless of which beneficiary designation form is determined by a court to be valid, Carl would be entitled to at least 1/6 of the Plan Benefits. As a result, MetLife paid Carl the undisputed 1/6 of Plan Benefits, leaving $16,537.50 as contested Plan Benefits (the "Contested Plan Benefits").

22. MetLife sent a pre-interpleader letter to Defendants regarding the potential competing claims for the Contested Plan Benefits, but to date the Defendants have not reached an agreement regarding the Contested Plan Benefits.

23. MetLife cannot determine whether a court would find the 8/12/20 Beneficiary Designation valid, given that the Decedent's purported procedure for signing documents was not followed for the signing of the 8/12/20 Beneficiary Designation.

24. If a court were to determine that the 8/12/20 Beneficiary Designation is valid, then the Plan Benefits would be payable to Carl as the primary beneficiary that was still living at the time of the Decedent's death and he would receive 100% of the Contested Plan Benefits.

25. If a court were to determine that the 8/12/20 Beneficiary Designation is not valid and because the Decedent's spouse predeceased him, the Contested Plan Benefits would be payable equally to Michael, Gregory, James Jr., Anthony, and Judy.

26. MetLife cannot determine the proper beneficiary of the Plan Benefits without risking exposure of itself, GE, and the Plan to multiple liability.

27. As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action). MetLife therefore respectfully requests that this Court determine to whom said Plan Benefits should be paid.

28. MetLife is ready, willing and able to pay the Contested Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

29. MetLife is ready and willing to deposit with the Clerk of the Court the Contested Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife requests the Court:

(i) Permit MetLife to pay to the Clerk of the Court the Contested Plan Benefits, including any applicable interest due and owing under the terms of the Plan;

(ii) Upon receipt of the Plan Benefits by the Clerk of the Court, and upon MetLife's filing of a Motion to Dismiss, dismiss MetLife with prejudice from this action, and discharge MetLife, GE, and the Plan from any further liability for the Plan Benefits;

(iii) Require that the Defendants litigate or settle and adjust between themselves their claims for the Contested Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Contested Plan Benefits should be paid; and

(iv) Award MetLife its costs and attorney's fees incurred in this action.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: *s/ Corey N. Thrush*
Corey N. Thrush, OH Bar No. 0085985
Key Tower
12 Public Square, Suite 4100
Cleveland, OH 44114
Phone: 216-274-6909
Fax:     216-357-4733
corey.thrush@ogletree.com
ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that the foregoing *COMPLAINT IN INTERPLEADER* was filed electronically on April 4, 2022 and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

    None

I further certify that service was made on the following non-represented parties of record by placing copies of the foregoing *COMPLAINT IN INTERPLEADER* in envelopes properly addressed to them and with sufficient first-class postage pre-paid:

    Judy Lee-Lattimore
    5949 Leffingwell Ave.
    Cincinnati, OH 45224

    Anthony Lee, Sr.
    117 Eggerding Dr.
    Cincinnati, OH 45215

    Carl Lee
    1400 Carolina Ave.
    Cincinnati, OH 45237

    Michael Lee
    12033 Mill Rd.
    Cincinnati, OH 45240

    Gregory Lee
    5066 Huntington Circle
    West Chester, OH 45069

    James Lee, Jr.
    8158 Meeting St., Apt. 101
    West Chester, OH 45069

                                     */s/ Corey N. Thrush*
                                     Corey N. Thrush